E-FILED
Monday, 20 July, 2026  11:39:07 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LAMAR EDWARD WHATLEY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-3320 |
| | ) | |
| CHARLES RHODES *et al.*, | ) | |
|     Defendants. | ) | |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff Lamar Edward Whatley, an inmate at Graham Correctional Center ("Graham").

### I.    Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

II.    **Factual Allegations**

Plaintiff alleges violations at Graham against Corrections Lieutenant Deal, Corrections Officer Chelsey Rhodes, and Corrections Sergeant Matthew C. Tomazzoli.

On May 20, 2025, Plaintiff was asleep in his cell when several correctional officers awakened him. The corrections officer asked Plaintiff if he needed medical assistance because Plaintiff had been unresponsive. After Plaintiff told Defendant Tomazzoli that he was sick, Tomazzoli told Plaintiff that he had received information that Plaintiff was under the influence of drugs. Plaintiff was handcuffed, taken to healthcare, strip-searched, and then placed in a cell under observation. A nurse later determined that Plaintiff's "speech was blurred" and his eyes were red. Plaintiff was then moved to "temporary confinement" on May 21, 2025, until his Adjustment Committee hearing on May 29, 2025.

Plaintiff attaches the Adjustment Committee's Final Summary report, dated May 29, 2025, which considered the following rule violations: "203 Drug and Drug Paraphernalia (Comment: under the influence [of an] unknown substance)" and "308 Contraband/Unauthorized Property (Comment: burnt pen, batteries, wires, cash apps)." (Doc. 1-1 at 9).

Plaintiff pleaded not guilty to the rule violations and informed the Adjustment Committee that he was sick for three days and was prohibited from seeking medical care. (*Id.*) After considering the information provided, the Adjustment Committee determined that Plaintiff had committed the rule violations alleged, citing the following as its basis:

> The Adjustment Committee finds [Plaintiff] guilty of 203 and 308 based on the written statement by [Defendant] Tomazzoli[,] which states, on 5-20-25 at 9:30 pm[,] I was notified by hu 18 that [Plaintiff] was unresponsive. I called a code 3[,] and nursing staff arrived. [Plaintiff] woke up but was very confused, had slurred speech, and had dilated pupils. [Plaintiff] was in possession of paraphernalia items.[Plaintiff] was deemed to be under the influence by medical staff. [Plaintiff was] placed in E ward for further evaluation.

(*Id.*)

The Adjustment Committee then recommended the following restrictions, which were approved: one month of C grade status, a contact visit restricted for six months, and the revocation of one month of good conduct credit. (*Id.*)

### III.    Analysis

Plaintiff initially claims that after being placed in handcuffs, he was searched without his consent, which does not state a claim for relief. See *Hudson v. Palmer*, 468 U.S. 517, 526 (1984) ("[T]he Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell."); *see also Hanrahan v. Lane*, 747 F.2d 1137, 1139 (7th Cir. 1984) ("The Supreme Court's opinion [in *Hudson*] precludes Fourth Amendment challenges to prison cell searches taken for any reason, whether or not reasonable.").

Plaintiff next claims that his rights were violated during the Adjustment Committee hearing because finding him guilty of "any kind of drugs" requires testing to establish the existence of contraband. However, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

"This is a lenient standard, requiring no more than 'a modicum of evidence.'" *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (internal citation omitted) (quoting *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985)). "Even 'meager' proof will suffice, so long as 'the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.'" *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (internal citation omitted).

The Adjustment Committee determined Plaintiff violated the rules alleged based on Defendant Tomazzoli's written statement, which contained his observations upon contacting Plaintiff, the seizure of contraband items indicative of drug use, and the medical determination that Plaintiff was under the influence.

Furthermore, "*Wolff v. McDonnell*[, 418 U.S. 539, 558 (1974)], sets forth the minimum due process requirements for prison disciplinary proceedings when the prisoner has been charged with serious misconduct which could result in loss of good time credits, punitive segregation, or which might also be punishable in state criminal proceedings." *Chavis v. Rowe*, 643 F.2d 1281, 1285 n.3 (7th Cir. 1981). "Due process requires that prisoners in disciplinary proceedings be given: '(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.'" *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (quoting *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992)). The provided record does not show,

and Plaintiff does not allege that he was denied due process as outlined in *Wolff*. Consequently, Plaintiff's Complaint is dismissed for failure to state a claim.

However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a motion for leave to file a second amended complaint. If Plaintiff decides to file a second amended complaint, his amended pleading shall not exceed ten pages total and shall be the only exhibit appended to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's amended pleading must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff's amendment must succinctly specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) ("Rule 8 specifies what is required in the complaint: 'A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . .'") (quoting Fed. R. Civ. P.8(a)).

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id.*

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint is DISMISSED under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim.**

2) **Plaintiff is GRANTED leave to file a second amended complaint within thirty days of the entry of the Court's Merit Review Order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED July 20, 2026.

s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE