E-FILED
Thursday, 29 October, 2026 04:05:59 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **LAMAR EDWARD WHATLEY,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-3320** |
| | ) | |
| **CHARLES RHODES *et al.*,** | ) | |
| **Defendants.** | ) | |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 13) filed under 42 U.S.C. § 1983 by Plaintiff Lamar Edward Whatley, an inmate at Graham Correctional Center ("Graham").

**I. Screening Standard**

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Factual Allegations

Plaintiff alleges violations at Graham against Corrections Officer Chelsey Rhodes and Corrections Sergeant Matthew C. Tomazzoli.

On May 20, 2025, Plaintiff was asleep in his cell when several correctional officers, including Defendant Tomazzoli, interrupted Plaintiff's sleep. Plaintiff then realized his pants were altered and his pockets were empty of his personal property, which Plaintiff characterizes as being invaded without consent. Officers told him he was unresponsive and asked if he needed medical assistance. Plaintiff declined but explained he had been sick for a few days. Plaintiff was placed in handcuffs and taken to the healthcare unit.

After Plaintiff was taken to the healthcare unit, Defendant Whatley discovered a stained sheet of paper in Plaintiff's property box, which was turned over to the investigative unit. On May 27, 2025, the investigative unit examined the seized paper, which contained handwritten literature outlining a specific gang's bylaws. That day, Defendant Rhodes authored a disciplinary report alleging Plaintiff violated Rule 205, titled "Security Threat Group" or "Unauthorized Activity." (Doc. 1-1 at 6.)

On May 29, 2025, an Adjustment Committee considered the following alleged rule violations: "203 Drug and Drug Paraphernalia (Comment: under the influence [of an] unknown substance)" and "308 Contraband/Unauthorized Property (Comment: burnt pen, batteries, wires, cash apps)." (Doc. 1-1 at 9).

Plaintiff pleaded not guilty to the rule violations and informed the Adjustment Committee that he was sick for three days and was prohibited from seeking medical care.

(*Id.*) After considering the information provided, the Adjustment Committee determined Plaintiff had committed the rule violations alleged, citing the following as its basis:

> The Adjustment Committee finds [Plaintiff] guilty of 203 and 308 based on the written statement by [Defendant] Tomazzoli[,] which states, on 5-20-25 at 9:30 pm[,] I was notified by hu 18 that [Plaintiff] was unresponsive. I called a code 3[,] and nursing staff arrived. [Plaintiff] woke up but was very confused, had slurred speech, and had dilated pupils. [Plaintiff] was in possession of paraphernalia items.[Plaintiff] was deemed to be under the influence by medical staff. [Plaintiff was] placed in E ward for further evaluation.

(*Id.*)

The Adjustment Committee then recommended the following restrictions, which were approved: one month of C-grade status, a six-month contact-visit restriction, and revocation of one month of good-conduct credit. (*Id.*)

On May 30, 2025, an Adjustment Committee considered the following alleged rule violation: "205 Gang or Unauthorized Organizational Activity." (Doc. 1-1 at 9). Plaintiff pleaded not guilty. After considering the information provided, the Adjustment Committee determined that Plaintiff committed the alleged rule violation. The Adjustment Committee then recommended the following restrictions, which were approved: one month of C-grade status, twenty-eight days of segregation, and six months of restricted contact visits. (*Id.*)

Plaintiff claims that during his time in segregation from May 21 to June 26, 2025, he had to endure rats and bugs in his cell, ninety-five-degree temperatures with no fan, one shower a week, no yard, and no barbershop access.

## III. Analysis

As in his initial complaint, Plaintiff claims he was searched without consent on May 20, 2025, which does not state a claim for relief. *See Hudson v. Palmer*, 468 U.S. 517, 526 (1984) ("[T]he Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell."); *see also Hanrahan v. Lane*, 747 F.2d 1137, 1139 (7th Cir. 1984) ("The Supreme Court's opinion [in *Hudson*] precludes Fourth Amendment challenges to prison cell searches taken for any reason, whether or not reasonable.").

Plaintiff next claims he was denied due process during the Adjustment Committee hearing held on May 29, 2025, because no staff member wrote or signed a shakedown slip regarding the alleged contraband seized. However, Plaintiff's alleged due process claim is barred by the Supreme Court's holding in *Heck v. Humphrey*, which held that a claim for damages to redress "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable unless and until the plaintiff first "prove[s] that the conviction or sentence has been . . . invalidated." 512 U.S. 477, 486-87 (1994). "*Edwards v. Balisok*, 520 U.S. 641 . . . (1997), extended the *Heck* rule to § 1983 damages claims challenging the loss of good time credits in prison disciplinary actions (when the fact or duration of confinement was implicated)." *DeWalt v. Carter*, 224 F.3d 607, 615 (7th Cir. 2000); *see also Muhammad v. Close*, 540 U.S. 749, 751 (2004) (characterizing *Edwards* as applying *Heck* "in the circumstances of a § 1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process, where the

administrative action taken against the plaintiff could affect credits toward release based on good-time served”).

Plaintiff next asserts that the contraband Defendant Rhodes found in his property box on May 20, 2025, arose from a single incident, and therefore should not have been raised in a separate disciplinary report. The Court infers that Plaintiff’s assertion is based on Illinois’ one-act, one-crime doctrine, which generally prohibits multiple *criminal* convictions based on the same physical act. *See People v. Miller*, 238 Ill. 2d 161, 165 (2010) (describing the doctrine as “‘[p]rejudice … to the defendant only in those instances where more than one offense is carved from the same physical act.’”) (quoting *King v. Miller*, 66 Ill. 2d 551, 566 (1977)); *see also People v. Gay*, 2011 Il App (4th) 100009, ¶ 54 (recognizing the independent nature of Title 20, section 504 of the Illinois Administrative Code, which “establishes a scheme for punishing DOC inmates who violate internal disciplinary offenses” and “independent penal mechanisms”). The Court finds no merit in Plaintiff’s argument that Defendant Tomazzoli’s seizure of the drug contraband and Defendant Rhodes subsequent confiscation of unauthorized writings occurred on the same day constitutes one action that should have been consolidated in one disciplinary proceeding.

Finally, because Plaintiff does not allege Defendants Rhodes or Tomazzoli were personally responsible or were aware of and disregarded the conditions of his confinement from May 21 to June 26, 2025, he does not state a plausible claim for relief against them. *See Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (“A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged.") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Consequently, Plaintiff's Complaint is dismissed for failure to state a claim. However, the Court grants Plaintiff one final extension to file a motion for leave to file a second amended complaint. If Plaintiff decides to file a second amended complaint, his amended pleading shall not exceed ten pages total and shall be the only exhibit appended to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's amended pleading must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff's amendment must succinctly specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) ("Rule 8 specifies what is required in the complaint: 'A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . .'") (quoting Fed. R. Civ. P.8(a)).

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different

defendants belong in different suits." *Id*.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint (Doc. 13) is DISMISSED under 28 U.S.C. § 1915A(b)(1) for failure to state a federal claim.**

2) **Plaintiff is GRANTED leave to file a second amended complaint within thirty days of the entry of the Court's Merit Review Order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED October 29, 2026.

s/ *Collen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE